JARIAN MADISON                                         CIVIL ACTION

VERSUS                                                NO. 13-765-BAJ-RLB

PALA INTERSTATE, LLC

---

## RULING

---

Before the Court is "Plaintiff's Motion to Compel Defendants' Response to Plaintiff's Discovery Requests and for Expenses for Failure to Respond to Same." (R. Doc. 21) ("Motion to Compel").  Plaintiff also filed a Supplemental Memorandum in Support. (R. Doc. 22).  The Motion to Compel is opposed. (R. Doc. 23).  For the reasons set forth below, plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND

According to the Complaint, Plaintiff Jarian Madison, an African-American adult male, was employed by Defendant PALA Interstate, LLC ("PALA"), at PALA's facility in Port Allen, Louisiana. (R. Doc. 1, "Complaint").  Plaintiff began work on May 29, 2013 in shipping and receiving.  During the course of his employment, Plaintiff alleges that he overheard his supervisor, Defendant Randel Ducote, repeatedly using the word "nigger" in a conversation. (Complaint, ¶¶ 15, 63).  On other occasions, Plaintiff alleges that certain derogatory language was directed at him.  His employment lasted approximately six days, when he was fired by PALA on June 6, 2012 "for alleged failure to follow directions, complete tasks or understand the system." (Complaint, ¶19).  Following his termination, Plaintiff alleges that he was replaced by a

Caucasian male and that Plaintiff was offered a laborer position at another facility, which was a demotion with less pay.

The Complaint alleges claims of (1) race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. 1981 ("§ 1981"), and the Louisiana Employment Discrimination Law, La. R.S. § 23:301, et seq. ("LEDL"), (2) hostile work environment harassment based on race under Title VII, § 1981, and the LEDL, (3) intentional infliction of emotional distress ("IIED") under Louisiana law, and (4) defamation under Louisiana law. (Complaint, ¶¶ 24-74). Pursuant to a motion for partial dismissal, which was unopposed, the Court dismissed the hostile work environment harassment, IIED, and defamation claims. (R. Doc. 19).

A Scheduling Order was entered on March 4, 2014. (R. Doc. 11). The deadlines were based on those proposed by the parties in the Status Report. Based on the deadlines in the Scheduling Order, the deadline for filing all discovery motions and completing all discovery except experts was September 15, 2014. On September 15, 2014, a Joint Motion to extend the discovery deadline was filed wherein the parties requested an extension until October 17, 2014 to complete discovery based on scheduling issues regarding certain depositions. The court granted that request but only for the purpose of conducting the depositions referenced in the motion and filing discovery related motions relating to those depositions. "All other discovery and discovery related motions remain governed by the court's prior deadline of September 15, 2014." (R. Doc. 18).

On October 17, 2014, the Motion to Compel was filed. This was the last day to complete the referenced depositions and the last day to file any discovery related motions related to those depositions. The Motion seeks an order compelling Defendants to supplement their discovery

responses and provide another corporate representative to appear at a Rule 30(b)(6) deposition to "fully answer questions regarding its human resources policies and procedures." (R. Doc. 21-1).

The Motion to Compel alleges that plaintiff received insufficient responses in relation to Interrogatory Nos. 2, 3, 6, 9, 11, 14 and Request for Production of Documents Nos. 7, 11, 14, 16. Plaintiff further alleges in the Motion to Compel that the 30(b)(6) representative was inadequate due to his inability to answer questions regarding the topics noticed by the plaintiff.

## II.    LAW AND ANALYSIS

### A.    The Meet and Confer Requirement

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

Plaintiff acknowledges that the parties have not conferred in good faith in an effort to obtain the discovery at issue without court intervention.  Specifically, plaintiff asserts that he attempted to confer prior to the Court's deadline to file discovery related motions by sending correspondence to defense counsel on October 13, 2014 and October 14, 2014 "detailing their position and requesting a Rule 37 conference this week to discuss same." (R. Doc. 21-2 at 2).

Both letters are attached to the Motion to Compel. (R. Docs. 21-11 and 21-12).  The letter on October 13, 2014 asserts that Barry Abshire, the 30(b)(6) deponent, "was insufficient to answer the questions outlined in our deposition notice" and requests that PALA produce Rebecca Jones for a deposition immediately.  The letter also makes a general assertion that "statements and investigative materials" have been withheld that "were properly requested" but fails to identify any particular discovery request to which a response was insufficient. (R. Doc. 21-11).

The October 14, 2014 letter identifies specific discovery requests to which plaintiff maintains that the responses were insufficient.  Specifically, plaintiff asserts that Interrogatory Nos. 2, 8, 13, 15, 16, and 18 as well as Request for Production of Documents 4, 8, 10, 11, 12 and 14 were insufficient. (R. Doc. 21-12).  Both letters request a Rule 37 Telephone Conference. The parties acknowledge that no such conference occurred prior to the filing of the Motion to Compel.

Plaintiff did not include a specific Rule 37 certification with its Motion.  *See*, *e.g.*, *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (attachment of a Rule 37(a)(1) certificate is a "mandatory prerequisite" to the court's consideration of a motion to compel and the meet and confer requirement "is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue"); *Dimitric v. Tex. A & M Univ.*, No. 06-cv-107, 2007 WL 1090982, at *1 (S.D. Tex. April 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense counsel . . . . For this reason, alone, his Motion should be denied.").

Plaintiff does assert in the Motion to Compel that he was not contacted by defense counsel in response to the two letters prior to filing the Motion to Compel and argues that these attempts to set up a Rule 37 conference along with the contents of the letters detailing his position satisfies any requirement under Rule 37.

As an initial matter, the discovery deficiencies outlined in the letters are significantly different from those in the Motion to Compel.  Specifically, only Interrogatory No. 2 and Requests for Production Nos. 11 and 14 are referenced in plaintiff's letters and also part of the Motion to Compel.  The letters are silent regarding the remaining interrogatories and requests for production that are also part of the Motion to Compel.  Even if the Court were to find that the act

of sending the two letters requesting a Rule 37 conference was sufficient to satisfy the requirement that plaintiff had "in good faith conferred or attempted to confer" with the defendant in an effort to obtain certain discovery without court action, the Motion to Compel goes far beyond anything referenced in the letters.  Specifically, Interrogatory Nos. 3, 6, 9, 11, and 14 as well as Requests for Production Nos. 7 and 16 are mentioned for the first time in the Motion to Compel.  Plaintiff offers no explanation or justification for his failure to attempt to resolve any perceived deficiency in those responses.  The court finds that plaintiff has failed to comply with the mandatory requirement of Rule 37 with respect to these discovery requests.[1]  Accordingly, the Motion to Compel is **DENIED** with respect to Interrogatory Nos. 3, 6, 9, 11, and 14 and **DENIED** with respect to Requests for Production Nos. 7 and 16.

### B.   Interrogatory No. 2 and Requests for Production Nos. 11 and 14

The deadline to complete all discovery except experts and to file all discovery related motions was September 15, 2014.  This deadline was extended for the limited purpose of conducting certain depositions and filing discovery related motions relating to those depositions.  "All other discovery and discovery related motions remain governed by the court's prior deadline of September 15, 2014." (R. Doc. 18).

On October 17, 2014, the Motion to Compel was filed.  The Motion to Compel seeks, in part, responses to various Interrogatories and Requests for Production of Documents.  Any motions challenging the sufficiency of the responses to that written discovery were required to be filed on or before September 15, 2014.  Plaintiff's motion is therefore untimely as it was filed after the deadline set pursuant to Rule 16 of the Federal Rules of Civil Procedure.

---

[1] The Motion to Compel is also untimely as these requests pertain to written discovery and any motion should have been filed not later than September 15, 2014.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

Rule 16 has also been examined in the context of an untimely motion to compel. *See Rollins v. St. Jude Medical, Inc.*, 2010 WL 1751822 (W.D. La. April 28, 2010). "[C]ourts consider multiple factors to determine whether the motion should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [(6)] the age of the case, [7] any prejudice to the party from whom late discovery was sought, and [8] disruption of the court's schedule." Id. at *2 (*citing Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D. Tex. 2006)).

With respect to the above factors, the courts notes that this matter was filed over a year ago, the time within which to conduct the discovery at issue has passed, dispositive motions have been filed, and to reopen discovery as requested by plaintiff would disrupt the remaining pretrial deadlines. Plaintiff attempts to justify the filing of the Motion to Compel on October 17, 2014 by linking it to the depositions that were conducted within the extended timeframe permitted by the court.

Interrogatory No. 2 requests the following: "For the preceding ten (10) years, please identify the number and race of employees at the Smithfield plant. Please include the name of

each employee, the date the employee was hired, the employee's position within the plant, and whether the person is a current employee. If the employee is no longer employed by Defendant Pala, please indicate the reason for separation from employment." (R. Doc. 21-3).

In response, defendants objected to the interrogatory as overbroad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. (R. Doc. 21-5). In particular, defendants noted that the time period covered by the interrogatory is broader in scope than the time period plaintiff was employed by PALA and the Smithfield shop had not been in operation for ten years. Subject to those objections, defendants provided the name, race, position, employed status, and reason for separate (if applicable) for every employee at the Smithfield shop during the term of plaintiff's employment. Defendants' response to Interrogatory No. 2 was provided on or about May 19, 2014. (R. Doc. 21-5 at 20). The response to Interrogatory No. 2, and others, was certified as true and correct by Rebecca Jones, the "Human Resources Department Manager" for PALA. (R. Doc. 21-5 at 21).

Plaintiff had this response for almost 4 months prior to the September 15, 2014 deadline to file discovery motions related to written discovery. Plaintiff does not offer any compelling explanation for this delay or for his decision to wait until mid-October to address this with the defendant. Any perceived deficiency in this response would have been readily apparent in May.[2]

Accordingly, the Motion to Compel is **DENIED** with respect to Interrogatory No. 2.

Request for Production No. 11 requests that defendant "provide any documents related to your response to Interrogatory No. 11, including but not limited to, any written statements, copies of any recorded statements with transcripts of same, any reports, and any other documents

---

[2] The court also finds that defendant's objection as to the overly broad nature of this request, specifically with respect to the time frame at issue, is well taken.

generated in response to Defendants' investigation." (R. Doc. 21-6).[3] Defendants objected on

grounds that the request was overbroad, vague, duplicative of other requests, and seeking

information that was neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Notwithstanding these objections, defendants produced a report titled

"Alleged Unfair Treatment, which included the statements of Scott Hatfield, George Hudson and

Randel Ducote." (R. Doc. 21-2 and 21-6 at 92-99). The statement by George Hudson was signed

on June 12, 2012. (R. Doc. 21-6 at 95).

      In the Motion to Compel, plaintiff identifies a written statement by George Hudson, dated

September 9, 2012, whereby Mr. Hudson recants portions of his prior statement. (R. Doc. 21-7 at

33). Plaintiff asserts that this subsequent statement was provided to PALA but was not produced

in response to Request for Production No. 11. Plaintiff's position is that this document was

responsive to that request.

      Defendant disagrees that any subsequent statements by Mr. Hudson were responsive to

Request for Production No. 11. This request incorporated Interrogatory No. 11, which was

limited in part to written or recorded statements taken from any employees as part of "the

investigation" conducted by PALA. PALA's position is that the September 2012 statement by

George Hudson "was not a statement provided during the investigation or in response to

Plaintiff's complaint." (R. Doc. 23). Defendant further states that it "does not have any record of

any other statement provided by Mr. Hudson." (R. Doc. 23 at 13).

      With respect to the timeliness of the Motion to Compel as it relates to Request for

Production No. 11, plaintiff does not explain to the court how he obtained this document or,

more importantly, when he obtained it. While this subsequent statement was discussed at certain

---

[3] Interrogatory No. 11 requested information about any investigation conducted following "Plaintiff's Report." It specifically asks whether any written or recorded statements were taken from any employees that were interviewed.

depositions in October, this does not explain plaintiff's decision not to raise any issue regarding discovery with defendant or the Court until well after the deadline to do so had passed. Plaintiff could have communicated with defense about any concerns regarding the sufficiency of PALA's response but instead chose to conceal his knowledge of this second statement in order to gain an apparent advantage by holding it until the 30(b)(6) deposition.

In addition to untimeliness, it does not appear that there is anything for the court to compel and likewise no harm to plaintiff even if defendant should have produced the September statement. Plaintiff has the subsequent statement by Mr. Hudson and was able to use that statement during the depositions at issue. Defendant has affirmed that it possesses no other statements of him.

Accordingly, the Motion to Compel is **DENIED** with respect to Request for Production No. 11.

Request for Production No. 14 requests that defendant produce "all written or electronic statements taken in connection with this complaint or related in any way to Plaintiff, Jarian Madison." (R. Doc. 21-6 at 8). The September 9, 2012 statement by Mr. Hudson is responsive to this request.[4] Defendant provided the same documents that were provided in response to Request for Production No. 11. For the same reasons set forth above, however, there is no harm to the plaintiff due to any failure by defendant to produce this document.[5] Plaintiff obtained the document through some other means and was able to use it during the discovery process.

---

[4] While this request may be duplicative of the same materials covered by Request for Production No. 11, it is not limited to any specific investigation conducted by PALA personnel. Defendant's opposition to the Motion to Compel is completely silent as to why the September 9, 2012 statement by Mr. Hudson was not produced in response to Request for Production No. 14.
[5] Should PALA possess any other documents responsive to this request, those documents must be produced in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

Accordingly, the Motion to Compel is **DENIED** with respect to Request for Production No. 14.

### C.     Rule 30(b)(6) Deposition of PALA

On September 5, 2014, plaintiff noticed a deposition of PALA pursuant to Federal Rule of Civil Procedure 30(b)(6).  The notice included a description of matters for examination. (R. Doc. 21-10).  In a letter dated September 26, 2014, PALA objected to most of the topics set forth in the deposition notice and invited plaintiff's counsel to contact PALA's attorney so that these objections could be discussed in advance of the deposition. (R. Doc. 22-8).  There is nothing in the record to indicate that any further communication regarding these topics was discussed. Despite objecting to the scope of the deposition testimony, defendant did not seek a protective order or any other relief regarding those topics.

The deposition of Mr. Barry Abshire, as the representative of PALA, took place on October 2, 2014. (R. Doc. 21-7).  PALA asserts that at the deposition, counsel for plaintiff acknowledged that she had not read the entire letter outlining PALA's objections.[6]  The Motion to Compel attaches excerpts from that deposition. (R. Doc. 21-7).

Prior to filing the Motion to Compel, plaintiff's letter dated October 13, 2014 requesting a Rule 37 conference explains that the appointment of Barry Abshire was insufficient to answer questions outlined in the deposition notice.  It requests that PALA produce Rebecca Jones to address those topics.  No specific topics are mentioned and the letter makes no reference to any deficient deposition answers.  The Motion to Compel alleges that Mr. Abshire's testimony was insufficient because: (1) he could not testify regarding the procedure used to ensure that every employee viewed a particular training video regarding discrimination and harassment, (2) he

---

[6] PALA cites to "Rec. Doc. 21-7, p.109."  Record Document 21-7 is excerpts from Mr. Abshire's deposition.  The filed document is only 36 pages long.  Page 109 from the deposition is likewise not included in the 36 pages that comprise R. Doc. 21-7.

could not testify as to whether certain statements, investigations and discipline were or were not relevant to particular personnel files and why they would not have been included in such files, and (3) he could not testify as to whether certain documents were provided to the Louisiana Human Rights Commission. (R. Doc. 21-2 at 9-10).

The court has reviewed the deposition transcript excerpts provided and considered the arguments set forth by the parties. The court finds that Mr. Abshire's testimony on behalf of PALA was insufficient as it pertained to the first two topics above. PALA, through Mr. Abshire, testified that as part of the training all employees were required to, among other things, watch a video pertaining to harassment and discrimination. PALA, through Mr. Abshire, further testified that some type of video existed in May of 2012 but when asked whether he was certain such a video was used he testified "I'm not certain." He was also unfamiliar with when this video was shown to employees. In its opposition to the Motion to Compel, PALA's attorney argues that "this video was not in effect until after Plaintiff's employment with Pala ended, so this is irrelevant and additional deposition testimony is unnecessary." (R. Doc. 23 at 22). That may in fact be the case, but it is PALA's duty to provide a witness knowledgeable as to that fact.

The second topic deals with the maintenance and preservation of certain personnel files. Specifically discussed during the deposition was the September 5, 2012 statement by Mr. Hudson pertaining to both the plaintiff and Randall Ducote. PALA, through Mr. Abshire, was unable to provide any answer as to why certain documents would or would not be included in such files. Mr. Abshire was specifically asked why that document also was not included in the investigative materials that PALA collected and likewise answered "I don't know." (R. Doc. 21-7 at 14). The particular statement at issue was both within the scope of discoverable information and specifically responsive to Request for Production No. 14, yet was not produced as part of the

investigative materials and not produced in any applicable personnel files. PALA, through Mr. Abshire, specifically identified Ms. Rebecca Jones as the person that would have knowledge about the maintenance of these files.

With respect to the third topic, the Court has only been provided with two instances of questions asked of PALA in the deposition regarding what information was provided to the Louisiana Commission on Human Rights. (R. Doc. 21-7 at 22-24). The objection to that line of questioning indicated that the witness had "already testified to that" and that the information was provided by the attorneys for PALA and therefore a response, if any, would reveal attorney client information. (R. Doc. 21-7 at 22). The Motion to Compel simply points out that Mr. Abshire did not know what documents were provided to the Commission. It does not address the assertion of privilege and does not provide any prior deposition testimony regarding those questions. Based on the information before the court, there is not a sufficient basis to compel PALA to designate another representative to testify about a submission of documents prepared by its attorneys.

Accordingly, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as it pertains to the Rule 30(b)(6) deposition of PALA. PALA shall designate a representative or representatives to testify to the training of new employees regarding anti-harassment and anti-discrimination procedures, specifically the use of any training videos, during the time of plaintiff's employment. PALA shall also designate a representative to testify as to the maintenance of the personnel files during the time of plaintiff's employment and investigation into his complaint as well as the maintenance of the investigative file, specifically as it pertains to the inclusion or exclusion of the September 5, 2012 statement by Mr. Hudson in such files. On or before December 19, 2014, the parties shall agree upon a date to conduct the deposition(s). The deposition(s) shall take place no later than January 7, 2014.

**D.     Expenses**

Pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, because the Motion to Compel has been granted in part and denied it in part, each party shall bear its own expenses in bringing and defending the motion.

Signed in Baton Rouge, Louisiana, on December 10, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**